**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION**

DEZI BOOTH (also known as DEZIREA N. BOOTH), ALLAN KEITH SCOTT, CHRISTOPHER WES CARVER, MARK BROWN, PATRICK PIERCE, and JANICE EASTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SK BATTERY AMERICA, INC.,

Defendant.

Civil Action No.

**CLASS ACTION COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101 ET SEQ.**

## NATURE OF THE ACTION

1. Defendant SK Battery America, Inc. ("SK Battery") operates a battery manufacturing facility located at 1760 SK Boulevard, Commerce, Georgia 30529. SK Battery is a Delaware corporation registered to conduct business in Georgia and employs more than 100 full-time employees at all times relevant to this action.

2. In late 2023, SK Battery conducted a mass layoff affecting multiple employees at its Commerce facility. Plaintiffs and other similarly situated employees

were terminated as part of, or as the foreseeable result of, the mass layoffs ordered by SK Battery in late 2023 and within thirty (30) days of that date.

3. At no time prior to their terminations did Plaintiffs or other similarly situated employees receive the 60 days' advance written notice of their terminations required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq. The number of employees affected by SK Battery's mass layoff exceeds the threshold requirements that trigger the WARN Act notice requirements, constituting a "mass layoff" as defined by 29 U.S.C. § 2101(a)(3).

4. SK Battery's failure to provide the required WARN Act notice was not due to circumstances that would excuse the notice requirement under 29 U.S.C. § 2102(b). There was no emergency or unforeseeable business circumstances that precluded SK Battery from providing the statutorily required 60-day advance written notice to affected employees.

5. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for SK Battery and were terminated without cause as part of the mass layoffs, and who were not provided 60 days' advance written notice of their terminations as required by the WARN Act. Plaintiffs and all similarly situated employees seek to recover up to 60 days' wages and benefits as provided by the WARN Act, along with attorneys' fees and costs. This Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 2104(a)(5).

8. The Court has jurisdiction over Defendant because it conducts business in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

### *Plaintiffs*

9. Plaintiff Dezi Booth (also known as Dezirea N. Booth) was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility from March 26, 2023, until her termination in September 2023. Plaintiff Booth is a resident of the state of Georgia.

10. Plaintiff Allan Keith Scott was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility until his termination in late 2023. Plaintiff Scott is a resident of the state of Georgia.

11. Plaintiff Christopher Wes Carver was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility until his termination in late 2023. Plaintiff Carver is a resident of the state of Georgia.

12. Plaintiff Mark Brown was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility until his termination in late 2023. Plaintiff Brown is a resident of the state of Georgia.

13. Plaintiff Patrick A. Pierce was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility until his termination in late 2023. Plaintiff Pierce is a resident of the state of Georgia.

14. Plaintiff Janice Easter was employed by Defendant as a production worker at Defendant's Commerce, Georgia facility until her termination in late 2023. Plaintiff Easter is a resident of the state of Georgia.

15. Each of the Plaintiffs was terminated without cause as part of or as the foreseeable result of the mass layoffs conducted by Defendant in late 2023.

16. None of the Plaintiffs received 60 days' advance written notice of their terminations as required by the WARN Act.

***Defendant***

17. Upon information and belief and at all relevant times, Defendant SK Battery America, Inc. is a Delaware corporation registered to conduct business in the state of Georgia.

18. Defendant operates a battery manufacturing facility located at 1760 SK Boulevard, Commerce, Georgia 30529 (the "Commerce Facility").

19. Defendant's registered agent for service of process in Georgia is SPI Agent Solutions, Inc., located at 900 Old Rosell Lakes Parkway, Suite 310, Roswell, GA 30076.

20. Upon information and belief and at all relevant times, Defendant employed more than 100 full-time employees at the Commerce Facility.

21. At all relevant times, Plaintiffs and other similarly situated individuals worked at the Commerce Facility until their terminations in late 2023.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action for violation of 29 U.S.C. § 2101 et seq., individually and on behalf of themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at Defendant's Commerce, Georgia facility and were terminated without cause on or about September 28, 2023, and within 90 days of that date, as part of or as the

reasonably foreseeable consequence of the mass layoff ordered by Defendant in late 2023, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

23. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

24. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members are contained in the books and records of Defendant.

25. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

26. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

a. whether the members of the WARN Class were employees of Defendant who worked at Defendant's Commerce, Georgia facility;

b. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the federal WARN Act; and

c. whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

27. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at Defendant's Commerce, Georgia facility and were terminated without cause in late 2023, due to the mass layoff ordered by Defendant.

28. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

29. In late 2023, Defendant terminated the employment of Plaintiffs and similarly situated employees, as part of a mass layoff as defined by 29 U.S.C. § 2101(a)(3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common

to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

31. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

## Violation of the Federal WARN Act, 29 U.S.C. § 2101 et seq.

32. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

33. At all relevant times, Defendant SK Battery America, Inc. employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a)(1) and continued to operate as a business when it decided to order and carried out the mass layoff at the Commerce Facility.

35. At all relevant times, Plaintiffs and other similarly situated former employees were "employees" of Defendant as that term is defined by 29 U.S.C. § 2101.

36. In late 2023, Defendant ordered a mass layoff at the Commerce Facility, as that term is defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(i)(8).

37. The mass layoff at the Commerce Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty or more employees comprising at least thirty-three percent (33%) of Defendant's workforce

at, or reporting to, or receiving assignments from the Commerce Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

38. Plaintiffs were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff ordered by Defendant at the Commerce Facility in late 2023.

39. Plaintiffs are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

40. Defendant was required by the WARN Act to give Plaintiffs and other similarly situated employees at least 60 days' advance written notice of their terminations pursuant to 29 U.S.C. § 2102(a).

41. Defendant failed to give Plaintiffs and other similarly situated employees written notice that complied with the requirements of the WARN Act.

42. None of the Plaintiffs or other similarly situated employees received any advance written notice of their terminations, let alone the 60 days' advance written notice required by the WARN Act.

43. Defendant's failure to provide the required WARN Act notice was not due to circumstances that would excuse the notice requirement under 29 U.S.C. § 2102(b).

44. There was no emergency or unforeseeable business circumstances that precluded Defendant from providing the statutorily required 60-day advance written notice to affected employees.

45. Plaintiffs and each of the other similarly situated employees are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

46. As a direct and proximate result of Defendant's violations of the WARN Act, Plaintiffs and other similarly situated employees have suffered damages including but not limited to the loss of wages and benefits for the period they should have received advance notice of their terminations.

47. Defendant failed to pay Plaintiffs and each of the other similarly situated employees their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation pay for 60 days following their respective terminations.

48. Defendant failed to provide employee benefits including health insurance coverage for 60 days from and after the dates of their respective terminations that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period.

49. Pursuant to 29 U.S.C. § 2104(a)(1), Plaintiffs and other similarly situated employees are entitled to recover from Defendant back pay for each day of violation at a rate of compensation not less than the higher of: (i) the average regular rate received by such employee during the last three years of the employee's employment; or (ii) the final regular rate received by such employee.

50. Pursuant to 29 U.S.C. § 2104(a)(2), Plaintiffs and other similarly situated employees are entitled to recover from Defendant the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment had not been lost.

51. Pursuant to 29 U.S.C. § 2104(a)(6), Plaintiffs and other similarly situated employees are entitled to recover reasonable attorneys' fees as part of the costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief against Defendant:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiffs as representatives of the WARN Class;

C. Appointment of the undersigned attorneys as Class Counsel for all class members;

D. A judgment against Defendant in favor of Plaintiffs and each member of the WARN Class equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1) and (a)(2);

E. Pre-judgment and post-judgment interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 18th day of September, 2025.

**BARRETT & FARAHANY**

s/ *Constance Cooper*
Constance Cooper
Georgia Bar No. 469047

*Counsel for Dezi Booth (also known as Dezirea N. Booth), Allan, Keith Scott, Christopher Wes Carver, Mark Brown, Patrick Pierce, and Janice Easter, on behalf of themselves and all others similarly situated*

2921 Piedmont Road
Atlanta, GA 30305
(470) 730-4127
constance@justiceatwork.com